UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PLAQUEMINES PARISH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-5259** |
| **PALM ENERGY OFFSHORE, L.L.C., ET AL** | **SECTION "L"** |

## ORDER AND REASONS

The Court has before it Defendants' Motion for Reconsideration, R. Doc. 78, of the Court's order remanding this matter back to state court, R. Doc. 76. Defendants also move the Court to stay the remand order pending adjudication of its motion for reconsideration. R. Doc. 77. Plaintiff has opposed both motions. R. Doc. 79; 80. Defendants have filed reply memoranda in support of their motions. R. Doc. 84; 86. Having considered the briefing, the record, and the applicable law, the Court rules as follows.

### I. BACKGROUND

This case is one of many seeking to determine the oil and gas industry's responsibility (and consequent restoration obligations) for the rapid loss and deterioration of Louisiana's coastal wetlands. Several Louisiana costal parishes, here Plaquemines Parish, filed this and 41 other lawsuits in state court against 212 oil and gas companies alleging that dredging, drilling, and waste disposal caused coastal land loss and pollution; the Plaintiffs allege a singular statutory cause of action for violation of Louisiana's State and Local Coastal Resources Management Act of 1978 (SLCRMA).

It is the public policy of the State of Louisiana "[t]o protect, develop, and where feasible, restore or enhance the resources of the state's coastal zone." La.R.S. § 49:214.22(1). The SLCRMA

1

regulates certain activities that have substantial impacts on coastal waters within the coastal zone and authorizes local governments with approved programs to enforce the Act. Plaquemines Parish alleges that the Defendants' oil and gas exploration, production, and transportation activities in the Parish, have contributed to coastal land loss, pollution, and other damage. Plaintiffs seek recovery of damages, costs necessary to restore the coastal zone, actual restoration, and reasonable court costs and attorney's fees.

Defendants removed these cases to federal court under 28 U.S.C. § 1442, the federal officer removal statute. Section 1442 provides, in relevant part, that "[a] civil action ... that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: ... any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a). Defendants argued that they were entitled to remove to federal court because they had been "acting under" a federal officer in performing their complained of activities. Another section of this Court rejected that argument in *Plaquemines Parish v. Riverwood Production Co.* and ordered that that case be remanded back to state court. No. 18-5217, 2022 WL 101401, at *6–10 (E.D. La. Jan. 11, 2022) ("*Plaquimines II*"). Defendants appealed. With the understanding that the Fifth Circuit's decision as to that appeal would also be determinative of federal jurisdiction in the instant case, this Court ordered that this case be stayed pending that decision. After the Fifth Circuit affirmed the district court's remand order in *Plaquemines II*, this Court accordingly reopened the instant case and ordered that it be remanded as well.

II.     **PRESENT MOTION**

Defendants now move this Court to reconsider its remand order, asserting that the Fifth Circuit's ruling in *Plaquemines II* is not controlling in this matter, but that an alternate basis for federal officer jurisdiction is present here: In *Plaquemines II*, the defendants were crude oil producers, not refiners, and in this case, Defendants both produced *and* refined oil. Defendants assert that because their oil refining activities were under color of federal law, their challenged oil production activities were also under color of federal law, thus entitling them to proceed in federal court under 28 U.S.C. § 1442. On the other hand, Plaintiffs assert that Defendants oil refining activities were not under color of federal law either, but that even if the Court found that they were, Defendants still wouldn't be entitled to remand because the oil production activities were not sufficiently related to the oil refining activities to seat jurisdiction with this Court under the federal officer removal statute.

Because the Court acknowledges that Defendants did not have the opportunity to brief their new jurisdictional argument before the Court ordered that this matter be remanded, the Court will proceed to examine the merits of Defendants' arguments against remand in this motion for reconsideration of that order.

### III. APPLICABLE LAW

In *Latiolais v. Huntington Ingalls, Inc.*, the Fifth Circuit refined the analysis of whether federal officer jurisdiction exists into a four-part test. 951 F.3d 286 (5th Cir. 2020) (en banc). That test requires a defendant to show: (1) it is a "'person' within the meaning of the statute[;]" (2) it has "asserted a colorable federal defense[;]" (3) it "acted pursuant to a federal officer's directions[;]" and (4) "the charged conduct is connected or associated with an act pursuant to a federal officer's directions." *Id.* at 96.

IV.     DISCUSSION

The parties do not dispute that Defendants have satisfied the first prong: Defendants constitute "persons" within the meaning of the statute. All three other prongs are contested. Because Defendants must satisfy all four prongs to successfully remove this case, the Court may analyze the prongs in any order. Accordingly, the Court will proceed to examine prong four, since this prong presents the highest hurdle considering the facts in this case: is the conduct charged here connected or associated with an act pursuant to those directions?

Prior to the Fifth Circuit's en banc decision in *Latiolais*, Fifth Circuit precedent required that a defendant show a "causal nexus" between their actions taken under color of federal office and the claims asserted in order to remove under 28 U.S.C. § 1442. However, in *Latiolais*, the Fifth Circuit reanalyzed its federal officer jurisdiction jurisprudence pursuant to a 2011 amendment to that statute. The 2011 amendment had amended the statute to read not just that any person acting under an officer of the United States may remove any claims against him *for* any act under color of federal office, but that he may remove any claims against him *for or relating to* any such act. Accordingly, the Fifth Circuit reasoned that Congress had broadened the reach of the federal officer removal statute to not only claims presenting a causal nexus with acts taken under color of federal office, but also claims relating to actions connected or associated with those acts. *Latiolais*, 951 F.3d at 292.

On this basis, Defendants argue that federal officer jurisdiction exists here because their oil refining activities were done under color of federal law, and their oil producing activities relate to their oil refining activities; thus, that they should also be included. Defendants point to *Latiolais*'s statement that the United States Supreme Court has recognized that the ordinary meaning of the words 'relating to' is a broad one— "to stand in some relation; to have bearing of

4

concern; to bring into association or connection with." *Id.* Thus, Defendants argue, because the actions complained of in this matter were taken to procure oil so that they might fulfil the oil refinement demands of the United States Government, the complained of actions are sufficiently related to their actions taken under color of federal office.

In *Latiolais*, the plaintiff sued defendant Huntington Ingalls for negligent failure to warn and failure to protect him from exposure to asbestos which caused him to develop mesothelioma. *Id.* at 290. The exposure allegedly occurred while the plaintiff worked for Huntington Ingalls as a mechanist building and refurbishing naval vessels. *Id.* at 289. Huntington Ingalls asserted federal officer jurisdiction, arguing that its contracts with the federal government required it to use asbestos for thermal insulation in the vessels it was building and refurbishing. *Id.* The district court, applying the old 'causal nexus' requirement, remanded the case back to state court, reasoning that, because the plaintiff's claims were limited to failure to warn and protect him from asbestos exposure, those claims raised only the issue of Huntington Ingalls' "actions, or lack thereof, with respect to safety regulations at the shipyard." *Latiolais v. Huntington Ingalls Inc.*, No. CV 17-11770, 2018 WL 2078607, at *3 (E.D. La. May 4, 2018), *aff'd*, 918 F.3d 406 (5th Cir. 2019), *on reh'g en banc*, 951 F.3d 286 (5th Cir. 2020), and *vacated and remanded*, 951 F.3d 286 (5th Cir. 2020). Accordingly, the district court found no causal nexus between the government's requirement that Huntington Ingalls use asbestos and the plaintiff's claims.

After an initial panel decision affirming the district court's remand order, the Fifth Circuit reheard the case en banc and reversed, applying their new requirement that the charged conduct be connected or associated with an act pursuant to a federal officer's directions. The Fifth Circuit reasoned that plaintiff's claims that Huntington Ingalls failed to warn him and protect him from exposure to asbestos were connected to, or related to, the installation of asbestos in the vessels on

which plaintiff worked. As that installation had been directed by the federal government, Huntington Ingalls had installed asbestos under the color of federal office. Thus, plaintiff's claims were related to an act taken by Huntington Ingalls under color of federal office, and Huntington Ingalls was entitled to remove under 28 U.S.C. § 1442.

Similarly, in *Cloyd v. KBR, Inc.*, No. 21-20676, 2022 WL 4104029, at *1 (5th Cir. Sept. 8, 2022), plaintiff military contractors claimed that their employer defendant had failed to provide them with a safe workplace after they suffered injuries during a ballistic missile strike at a United States Army base in Iraq. The Fifth Circuit held that the defendant was entitled to remove under federal officer jurisdiction, reasoning that the United States military directed and controlled the defense and safety measures to be taken at the base, and that therefore the actions plaintiffs sought to hold defendants responsible for were related to defendants' actions taken under color of federal office pursuant to their contract with the government to supply military contractors.

Other courts have applied *Latiolais* to the same effect. *See Moore v. Elec. Boat Corp.*, 25 F.4th 30, 36 (1st Cir. 2022) (holding that plaintiff's claims for asbestos exposure were "related to" defendant's vessel construction which took place under color of federal office); *Clark v. Huntington Ingalls, Inc.*, No. CV 19-01709, 2021 WL 1186997, at *2 (E.D. La. Mar. 30, 2021) (same).

Defendants in this case argue that their oil production activities that Plaintiffs complain of are related to its oil refining activities. They assert that because their oil refining activities were performed pursuant to a federal government contract "to produce vast quantities of avgas and other refined products that the government needed to sustain the war effort," logically their oil production activities are "related to" those activities since they had to produce the oil in order to fulfil their refinement contract. R. Doc. 90 at 4. Defendants are of course correct that "a removing

6

defendant need not show that its alleged conduct was precisely dictated by a federal officer's directive." *St. Charles Surgical Hospital, L.L.C. v. Louisiana Health Service & Indemnity Co.*, 990 F.3d 447 (5th Cir. 2021). But the Court is unconvinced under *Latiolais* and its as-yet limited progeny that the fact that Defendants may have refined oil under color of federal office must mean that its oil production activities were sufficiently related to those actions taken under federal directive to satisfy the requirements of 28 U.S.C. § 1442. They are two entirely separate operations requiring different skills, and different operations at different locations.

A company found to be acting under a federal officer for some purposes is not thus acting under federal control for all purposes. *See St. Charles*, 990 F.3d 455. In *Latiolais* and its progeny, courts determined that plaintiffs' tort claims which arose from conditions over which the controlling federal officer had some control were "related to" actions taken under color of federal office. Here, however, Plaintiffs' claims allege environmental tortfeasing by Defendants in their oil production. While the parties do not contest that the federal government asserted control only over the distribution and transportation of crude oil to refineries after the crude oil was produced in the field, there is no evidence that the federal government asserted any control over those refiner's oil production activities. To find federal officer jurisdiction in such a circumstance would take *Latiolais'* "connected or associated" test too far, and would essentially mean that any upstream action a company might take to satisfy a federal contract, no matter how attenuated or outside of federal control, would entitle that company to federal officer jurisdiction. For example, land must be purchased to place the refinery on, construction workers must be retained to build the refinery, employees must be retained to operate the refinery, janitorial staff must be retained to clean the refinery, etc. There must be some limit even under *Latiolas'* expanded test for federal

officer jurisdiction. Accordingly, the Court holds that Defendants have not satisfied the requirements for federal officer jurisdiction.

## V.     CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration, R. Doc. 78, is hereby **DENIED**. Defendants' Motion to Stay the Judgment remanding this matter to state court, R. Doc. 77, is **GRANTED** pending the Defendants' appeal to the Fifth Circuit.

New Orleans, Louisiana, this 19th day of April, 2023.

_____
**THE HONORABLE ELDON E. FALLON**
**UNITED STATES DISTRICT JUDGE**